UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

_____

JAMES VAN WINKLE, Individually,　　　　 :

　　　　　　Plaintiff,　　　　　　　　　 :

　　　　　　　　　　　　　　　　　　　 :　Case No.　1:15-CV-1449 (DNH/DJS)

vs.　　　　　　　　　　　　　　　　　　 :

MACY'S RETAIL HOLDINGS, INC.,　　　　　 :
a New York Corporation,　　　　　　　　　 :

　　　　　　Defendant.　　　　　　　　　 :

_____

## COMPLAINT
(Injunctive Relief Demanded)

　　　Plaintiff, JAMES VAN WINKLE, Individually, on his behalf and on behalf of all other

individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant,

MACY'S RETAIL HOLDINGS, INC., a New York Corporation (sometimes referred to as

"Defendant"), for Injunctive Relief, for Injunctive Relief, damages, attorney's fees, litigation

expenses, and costs, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

("ADA") and the New York Executive Section 296(2)(a) Law Against Discrimination and New

York Civil Rights Law § 40, and allege:

## JURISDICTION

　　　1.　　　This Court is vested with original jurisdiction pursuant to 28 U.S.C. §1331 and

§1343, as to Plaintiffs' Federal claims, and 28 U.S.C. §1367, for claims brought under New York

law.

　　　2.　　　Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## COUNT I

## THE PARTIES AND STANDING

1.      Plaintiff, James Van Winkle, is an individual residing in Montgomery County, Texas.

2.      Defendant's property, Macy's at Hudson Valley Mall, is located at 1300 Ulster Avenue, Kingston, NY  12401, in the County of Ulster.

3.      Venue is properly located in the Northern District of New York because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. §2201 and §2202.

5.      Plaintiff James Van Winkle is sui juris and qualifies as an individual with disabilities as defined by the ADA.  Mr. Van Winkle sustained a spinal cord injury with multiple spinal practures, paraplegia, and uses a wheelchair to ambulate. While at the Defendant's property, the Plaintiff encountered architectural barriers that endangered his safety.  James Van Winkle visited the property which forms the basis of this lawsuit and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property.  Mr. Van Winkle was born and raised in Kingston, NY and returns to the area to visit with his family.

6.      While visiting the property, the Plaintiff encountered architectural barriers at the subject property, which have impaired Mr. Van Winkle's ability to access the premises safely, to

use restrooms safely and to access goods and services at the premises.

7.     Mr. Van Winkle plans to return to the property once the barriers to access are corrected and the facility becomes fully accessible, so that Mr. Van Winkle may avail himself of the goods and services offered to the public at the property.

8.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is a major department store known as Macy's at Hudson Valley Mall, and is located at 1300 Ulster Avenue, Kingston, NY 12401.

9.     JAMES VAN WINKLE has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Mr. Van Winkle travels to New York to visit with friends and family who reside in New York. James Van Winkle desires to visit the Macy's at Hudson Valley Mall not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary inspection of the Macy's at Hudson Valley Mall has shown that violations exist.    These violations that Mr. Van Winkle has personally observed or encountered include, but are not limited to:

### Entrance Access and Path of Travel

a.      The plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.2.1 and 4.3.3 of the ADAAG, whose resolution is readily achievable.

### Access to Goods and Services

a.      The plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG, whose resolution is readily achievable.

b.      The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

### Public Restrooms

a.      The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

b.      The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19.4 and 36.211 of the ADAAG, whose resolution is readily achievable.

c.      The plaintiff could not close the accessible toilet stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide hardware that complies with Sections 4.17.5 and 4.13.9 of the ADAAG, whose resolution is readily achievable.

d.     The plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted in the required location. Violation: The toilet paper dispenser is not mounted in accordance with Figure 30(d) of the ADAAG, whose resolution is readily achievable.

e.     The plaintiff could not use the toilet seat cover dispenser without assistance as it was mounted at a location where the clear floor space to access it was not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG, whose resolution is readily achievable.

f.     The plaintiff had difficulty using the side grab bar as it did not extend the required length from the rear wall. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Section 4.17.6 and Figure 30(a) of the ADAAG, whose resolution is readily achievable.

12.    The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

13.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.   Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15.   Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

16.   Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17.   Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's

facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Macy's at Hudson Valley Mall to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a

disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II**

**VIOLATION OF NEW YORK CIVIL RIGHTS LAW**

20.     Plaintiff realleges all prior obligations as if fully set forth herein.

21.     New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or ***disability*** or marital status of any person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

22.     For the purposes of the foregoing paragraph, "discriminatory practice" includes:

      A.     A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

      B.     A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

C.    A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

23.    Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

24.    Due to Defendant's discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation and mental anguish.

25.    A place of public accommodation "shall be deemed to include ... hotels," N.Y. Civ. Rights Law §40.

26.    New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

27.    Defendant's property is a place of public accommodation as defined in §40.

28.    N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions...shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved...thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendant shall reside... also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

29.     Plaintiff, Mr. Van Winkle visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

30.     By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant, has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, Van Winkle, because of his disability, the full enjoyment of its property.

31.     Plaintiff, James Van Winkle, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award James Van Winkle statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Respectfully submitted,

Dated: __12/7/15__, 2015

Jessica M. Gorman, Esq.  (516068)
Law Office of Jessica M. Gorman
74 Chapel Street; 2nd Floor
Albany, NY  12207
Telephone:  518.795.5022
jmgorman@jmgormanlaw.com
-and-
Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com

Counsel for Plaintiff JAMES VAN WINKLE